IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES KONG,<br><br>Defendant. | Case No. 17-cr-00058-DKW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

On July 10, 2023, Defendant James Kong moved without counsel, pursuant to 18 U.S.C. § 3582(c)(2), for reduction of his term of imprisonment. Dkt. No. 39. Kong argues that this Court should retroactively apply a purported amendment to the U.S. Sentencing Guidelines that he claims would result in his criminal history category dropping from level III to level II. There are several problems with Kong's contentions, however, including that the amendment upon which he relies does not go into effect, if at all, until at least November 1, 2023−still more than two months away. Kong's motion is therefore DENIED as premature.

## **DISCUSSION**

Section 3582(c)(2) permits a court to reduce a term of imprisonment if, among other things, it was based on a sentencing range subsequently lowered by

the U.S. Sentencing Commission.[1]   Here, Kong relies upon a purported amendment to U.S.S.G. Section 4A1.1, related to the calculation of a defendant's criminal history category, as well as a purported amendment making the Section 4A1.1 amendment retroactive.   *See* Dkt. No. 39 at 1.

Neither purported amendment, however, is currently effective.   In other words, the Sentencing Commission has not subsequently lowered Kong's sentencing range.   Specifically, the first amendment—concerning Section 4A1.1−does not go into effect, if at all, until November 1, 2023.   *See* 88 Fed. Reg. 28254, 28270 (setting, "[a]bsent action of the Congress to the contrary," an effective date of November 1, 2023 for the amendment to Section 4A1.1).   It may, in other words, *never* take effect or could be amended by Congressional action and go into effect in a form different from that proposed.   As for the retroactivity of the amendment to Section 4A1.1, the Sentencing Commission is still considering public comment on the same.   *See id*. at 28254, 28281-82.

---

[1] Section 3582(c)(2) also requires, before a sentence may be reduced, that (1) the Court consider the factors set forth in 18 U.S.C. Section 3553(a), and (2) the reduction be consistent with "applicable policy statements issued by the Sentencing Commission."   Because Kong's motion is premature, it is unnecessary to address whether any reduction would be consistent with the Section 3553(a) factors or any applicable policy statements.

Put simply, Kong's motion, Dkt. No. 39, is premature and DENIED as such.[2]

IT IS SO ORDERED.

DATED: August 30, 2023 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

<u>United States of America v. James Kong</u>; Crim No. 17-00058 DKW; **ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

---

[2]The Court notes that Kong was granted an extension until August 29, 2023 to file a reply in support of his motion.  Dkt. No. 43.  As of the date of this Order, no timely reply has been filed.